RECEIVED
IN LAKE CHARLES, LA
DEC 14 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| COWBOY FACILITY INC., ET AL. | : | DOCKET NO. 2:11 CV 1511 |
| VS. | : | JUDGE MINALDI |
| AMBLING DEVELOPMENT CO. LLC, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Considering the Motions to Dismiss for Failure to State a Claim filed by the defendants, Ambling Development Co. LLC [Doc. 6], Niles Bolton Associates, Inc. [Doc. 5], and Meyer & Associates, Inc. [Doc. 9], the parties are hereby **ORDERED** to submit supplemental briefs on the issue of this court's subject matter jurisdiction within fourteen days from the entry of this order. If any party wishes to file a brief in response, it must do so within seven days of the filing of the brief to which it is responding.

Federal courts exercise limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Although the question of subject matter jurisdiction is not before the court on a motion to remand, a district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A federal district court has removal jurisdiction in any matter over which it could have exercised original jurisdiction. 28 U.S.C. § 1441(a). In their Notice of Removal, the defendants

assert that this court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants the federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A claim arises under federal law only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, the fact that a defendant may assert as an affirmative defense that the claim is preempted by conflicting federal law does not create federal question jurisdiction. *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000).

While federal question jurisdiction is most frequently invoked by plaintiffs asserting causes of action created by federal law, state law causes of action that necessarily turn on a substantial federal question may also arise under federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). The mere presence of a federal issue in a state law claim, however, is insufficient to create federal question jurisdiction. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Rather, federal question jurisdiction is appropriate only where: (1) resolving the federal issue is necessary to the resolution of the state law claim, (2) the federal issue is actually disputed, (3) the federal issue is substantial, and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

In the present case, the plaintiffs have pleaded only state law breach of contract claims. *See* Pl.'s State Court Petition ¶¶ 17 &18 [Doc. 1-2]. While those claims appear to turn necessarily on whether the facilities the defendants allegedly designed and/or constructed comply with the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the court finds that serious questions remain as to whether this is sufficient to create federal question jurisdiction

over this matter. The court cannot consider the merits of the defendants' 12(b)(6) motions until those questions are resolved.

Lake Charles, Louisiana, this 12 day of December 2011.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE